MEMORANDUM *
The government appeals the district court’s partial grant of Crystal Rivera’s motion to suppress several phone conversations between Rivera and her boyfriend as hearsay. Cf. Fed.R.Evid. 802. The facts are known to the parties, and we will not repeat them here, except as necessary to explain our decision.
I
A
The government first argues that the boyfriend’s half of the conversations *517 consist only of questions and directives, not statements. Cf Lexington Ins. Co. v. W. Penn. Hosp., 423 F.3d 318, 330 (3d Cir.2005) (discussing cases and noting that “questions and inquiries are generally not hearsay because the declarant does not have the requisite assertive intent, even if the question convey[s] an implicit message or provides information about the declar-ant’s assumptions or beliefs” (internal quotation marks omitted)). Because the government did not raise this argument below, we review it for plain error. United States v. Abbouchi, 502 F.3d 850, 857 (9th Cir.2007).
We have never held that a directive, as such, cannot be a statement within the meaning of the hearsay rule. Furthermore, the Advisory Committee Notes to the Federal Rules of Evidence suggest, at least in the context of nonverbal communication, that behavior that implies an assumption of certain facts counts as an assertion of those facts. See Fed.R.Evid. 801(a) Advisory Committee Note. The government makes no argument that the specific words in question lacked assertive content of the type to which the Advisory Notes refer. Indeed, many of the questions, such as, “[h]ow about the drawer where I put everything at?” or “[i]sn’t there a bag right there?”, suggest Rivera’s boyfriend’s assumption that there was a bag, along with whatever he was looking for, in the drawer. Against this background, we conclude that the government cannot show plain error.
B
Next, the government contends that the conversations were not offered for their truth, but only for context. Again, the government failed to raise this argument clearly and distinctly before the district court; therefore we review for plan error only. Even were we to conclude that the phone conversations were clearly not offered for their truth, we decline to exercise our discretion to reverse because “th[is] error [does not] seriously affect[] the fairness, integrity, or public reputation of judicial proceedings.” Abbouchi, 502 F.3d at 857 (9th Cir.2007) (internal quotation marks omitted).
C
Finally, the government repeats the argument it did raise in the district court: that even if the phone conversations were hearsay, Rivera’s boyfriend’s half of them is admissible under the coconspirator exception. Fed.R.Evid. 801(d)(2)(E).
The district court accurately recited the legal standards for admissibility under Bourjaily v. United States, 483 U.S. 171, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987), and United States v. Silverman, 861 F.2d 571 (9th Cir.1988) (“Evidence of wholly innocuous conduct or statements by the defendant -will rarely be sufficiently corroborative of the co-conspirator’s statement to constitute proof, by a preponderance of the evidence, that the defendant knew of and participated in the conspiracy.”). It then concluded that Rivera’s half of the conversations, coupled with her searching for “stuff,” “is innocuous and standing alone simply does not support the conclusion that she participated knowingly in the conspiracy, that she knew of its objects and intended to assist them.” The district court did not abuse its discretion in so concluding.
II
The government also contends that the district court lacked jurisdiction to dismiss the indictment. This argument is foreclosed by United States v. Gatto, 763 F.2d 1040, 1049-50 (9th Cir.1985). To the extent the government argues that the *518 district court should have exercised its discretion to stay, rather than dismiss, the indictment pending appeal of the eviden-tiary ruling, the argument is now moot given that we have affirmed the district court.
No. 07-50491 is AFFIRMED and No. 07-50531 is DISMISSED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.